# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-772V
**Filed: September 21, 2015**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | UNPUBLISHED |
| TIMOTHY STEINRUCK, *on behalf of* | * | |
| E.J.S., *decedent* | * | Chief Special Master Dorsey |
| | * | |
| Petitioner, | * | |
| | * | Attorneys' Fees and Costs; |
| v. | * | Reasonable Amount Requested to |
| | * | which Respondent Does not Object. |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | | |

Anne C. Toale, Maglio Christopher and Toale, Sarasota, FL, for petitioner.
Ryan D. Pyles, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 25, 2014, Timothy Steinruck ("petitioner") filed a petition on behalf of E.J.S., his deceased minor child, pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that a diphtheria-tetanus-acellular pertussis (DTaP), haemophilus influenza type b (Hib), and/or a Hepatitis A vaccination on December 18, 2012, caused E.J.S. an injury resulting in his death on December 20, 2012. Petitioner at ¶¶ 3, 7.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On May 15, 2015, the undersigned entered a decision dismissing petitioner's case for insufficient proof.

On September 18, 2015, the parties filed a Stipulation of Fact Concerning Attorneys' Fees and Costs.  According to the stipulation, the parties stipulate to a total award to petitioner of attorneys' fees and costs of $18,000.00.  Stip. of Fact ¶ 2.  Pursuant to General Order #9, petitioner's counsel states that petitioner did not advance any reimbursable costs in pursuit of this claim.  Id. at ¶ 3.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioner's request and the lack of any objection by respondent, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

**A lump sum of $18,000.00 in the form of a check payable jointly to petitioners and petitioner's counsel of record, Anne C. Toale.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

                                          **s/ Nora Beth Dorsey**
                                          Nora Beth Dorsey
                                          Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.